Opinion Issued December 4, 2003 















     





In The
Court of Appeals
For The
First District of Texas




NO. 01-02-01080-CR




BARRY BRENT SWARB, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 361st District Court
Brazos County, Texas
Trial Court Cause No. 29,300-361




O P I N I O N 

          Appellant, Barry Brent Swarb, pleaded not guilty to felony possession of
methamphetamine under one gram. The jury found appellant guilty, and the trial
court assessed punishment at 20 months’ confinement in the state jail. In six points
of error, appellant challenges (1) the denial of his motion to suppress, (2) the
admission of extraneous offense evidence, (3) the legal sufficiency of the evidence,
and (4) the overruling of his objections to the State’s jury arguments. We affirm. 
Facts
          While on work release from the Brazos County Jail, appellant went to the
Burleson County Jail, where he attempted to deliver methamphetamine to his
incarcerated wife. Appellant was not immediately arrested and returned to the Brazos
County work release program. Later the same day, after obtaining an arrest warrant
for appellant for the delivery of methamphetamine in a correctional facility,



Investigator Glidewell and Lieutenant Norsworthy went to the Brazos County Jail,
where appellant was located, to execute the arrest warrant.


 
          When Glidewell and Norsworthy arrived at the jail premises, Glidewell
recognized appellant’s vehicle in the public parking lot. Looking inside the vehicle
with the aid of a flashlight, the officers noticed suspected methamphetamine on the
floorboard of the vehicle. 
          After arresting appellant pursuant to the arrest warrant, Glidewell obtained
appellant’s consent to search the vehicle. Appellant filled out the consent form
noting the year, make, body style and license number of the truck. Appellant also
provided Glidewell with the keys to his vehicle. 
          During the search, Glidewell, Norsworthy, and another officer located several
pieces of aluminum foil and some pens with the ink cartridges removed, both
containing possible methamphetamine residue, a bottle of nail polish, and empty
packages of pseudoephedrine, a common precursor used in creating
methamphetamine. All evidence was submitted to the laboratory for analysis. 
Glidewell and Norsworthy testified that they did not attempt to lift fingerprints from
the evidence primarily because it would not be possible to obtain a fingerprint from
crumpled aluminum foil. Analysis nevertheless revealed that some of the aluminum
foil evidence contained methamphetamine. Appellant was then charged by
indictment in Brazos County with possession of a controlled substance under one
gram.


 
Trial 
          In his pretrial motion in limine, appellant requested that the State not mention
or allude to any previous criminal record and/or arrest of appellant. The trial court
granted appellant’s motion, but noted that the State could introduce evidence that it
had a warrant for appellant’s arrest, that the officers were serving the warrant, and
that his vehicle was located where the warrant was served. The court, however,
prohibited the mention of the words “Brazos County Minimum Security Jail.” The
court also prohibited mention that appellant had possessed or delivered an illegal
substance in a correctional facility, although the State was permitted to elicit
testimony that the officers had a warrant for appellant’s arrest. Finally, the court
overruled appellant’s motion in limine request and allowed testimony of the service
of an arrest warrant on the defendant. 
          During its case-in-chief, while examining Investigator Glidewell, the State
elicited testimony that Glidewell had obtained an arrest warrant for appellant. After
Glidewell’s testimony, the court immediately provided a limiting instruction to the
jury noting that they could not consider the fact that an arrest warrant had been issued
for appellant in their determination of guilt, but could consider it only for
“informational purposes.” The State then admitted Exhibit No. 2 ( a copy of the
arrest warrant that Glidewell obtained on July 8, 2001) for the appellate record.
Exhibit No. 2 was not shown to the jury. The court also admitted Exhibit No. 2A (a
copy of the arrest warrant which redacted the description of the offense in Burleson
County).


 Exhibit No. 2A was shown to the jury and admitted for all purposes. 
          During the State’s presentation of its case, and on cross-examination of the
State’s witnesses, appellant introduced his defensive theory that the
methamphetamine could have been left or placed in his vehicle by someone else. On
cross-examination, appellant tried to elicit testimony that the driver’s side door of the
truck could have been opened without a key, that the arresting officers did not take
fingerprints from the evidence found in appellant’s truck, and that a nail polish bottle
was found inside the truck.


 Based on appellant’s cross-examination of the State’s
witnesses and the questions about the keys, the fingernail polish bottle, and the failure
to take fingerprints—implying that someone else possessed the methamphetamine
found in appellant’s truck—the State urged the court for permission to elicit
testimony under Rule 404(b) about the Burleson County delivery of
methamphetamine to the jail to show appellant’s intent, plan, knowledge, and absence
of mistake or accident that methamphetamine was in his vehicle. Appellant objected,
noting that admitting such evidence would be “character assassination.” The court
overruled appellant’s objection and permitted testimony of the reason for the
Burleson County arrest, and the judgment in the Burleson County offense case. In
response to appellant’s objection, the court noted: “Well, counsel, I would agree with
you had there not been the implication to the jury via the questioning regarding the
bad door, the nail polish, the implication being that there have been other people in
the car. Therefore, it must have been somebody else’s controlled substance. I
believe the door has been opened.” 
          The court also overruled appellant’s Rule 403 objection, finding that the
probative value outweighed the potential prejudicial effect. The court also provided
a limiting instruction to the jury that they were to consider the extraneous offense
only for “purposes of proving intent or knowledge in this particular case and for no
other purposes.” The court explained to the State that it could recall Officer
Glidewell to testify in more detail about the Burleson County offense itself and that
it could “indicate to the jury that the defendant pled no contest . . . . What [appellant]
did or did not get in punishment is not relevant.” The State then recalled Glidewell
and offered Exhibit No. 2 (the non-redacted arrest warrant) for all purposes. 
Glidewell testified that the arrest warrant was based on information that appellant had
tried to bring methamphetamine to his wife in jail on the same day that the
methamphetamine was located in appellant’s car. 
          The State also introduced Exhibit No. 27, the Burleson County judgment for
prohibited substance in a correctional facility, for appellate record purposes only and
Exhibit No. 27A, a redacted Burleson County judgment, to be shown and exhibited
to the jury. The only information the redacted judgment contained was that appellant
pleaded nolo contendere to the offense of prohibited substance in a correctional
facility committed on July 8, 2001, the same day as the instant offense. It contained
no punishment or sentencing information. The redacted judgment also noted that
appellant pleaded nolo contendere to the indictment and to each and every element
alleged in the indictment and that the court heard evidence substantiating appellant’s
guilt. The State also admitted into evidence Exhibit No. 28, the indictment for the
offense, which alleged that appellant took methamphetamine into the Burleson
County jail. 
Discussion
Motion to Suppress 
          In his first point of error, appellant contends the trial court erred in denying his
motion to suppress and in admitting the methamphetamine evidence obtained during
the search of his truck because it was obtained illegally and in disregard for the
Fourth Amendment of the United States’ Constitution. In particular, appellant asserts
that the search was not proper under the “plain view” warrantless search exception
doctrine and that the initial intrusion with a flashlight was not lawful because the
officer deviated from his route in order to look into the vehicle. 
          In reviewing the trial courts ruling on the motion to suppress, we apply a
bifurcated standard of review. Carmouche v. State, 10 S.W.3d 323, 327 (Tex. Crim.
App. 2000). We give almost total deference to the trial courts determination of
historical facts, while we conduct a de novo review of the trial courts application of
the law to those facts. Id. We review de novo the trial court’s application of the law
of search and seizure. State v. Ross, 32 S.W.3d 853, 856 (Tex. Crim. App. 2000).
          We conclude that the search in the present case satisfied the “plain view”
doctrine, which requires that “(1) law enforcement officials have a right to be where
they are, and (2) it be immediately apparent that the item seized constitutes evidence.”
 Walter v. State, 28 S.W.3d 538, 541 (Tex. Crim. App. 2000). If an article is in plain
view, neither its observation nor its seizure involves any invasion of privacy. Id. at
543. Here, the officers, on their way to execute the arrest warrant, approached
appellant’s vehicle in a parking lot open to the public and shone a flashlight into
appellant’s vehicle, thereby observing the methamphetamine in plain view on the
floorboard of the vehicle. Looking inside a vehicle, even with the use of a flashlight,
does not implicate Fourth Amendment protections; nor does it prevent the application
of the plain view doctrine, as appellant contends. Id at 543-44. We find that the
search of the truck was proper. Moreover, the officers obtained appellant’s voluntary
consent to search the vehicle before they entered the truck to obtain the
methamphetamine. We conclude that the trial court did not err in denying appellant’s
motion to suppress. We overrule appellant’s first point of error. 
Redacted Arrest Warrant in State’s Case-in-Chief 
          Appellant also contends that the trial court erred in admitting extraneous
offense testimony. In his second point of error, appellant argues that the trial court
erred in “admitting, over objection, testimony that there existed an extrinsic arrest
warrant unrelated to the case-in-chief.” In particular, appellant complains that the
redacted Burleson County arrest warrant and testimony about it should not have been
admitted into evidence. We construe appellant’s second issue to complain of the trial
court’s admission of testimony about the arrest warrant


 and its admission of Exhibit
No. 2A, the redacted arrest warrant for the Burleson County offense.  
          We review the trial court’s determination of admissibility under an abuse of
discretion standard. Montgomery v. State, 810 S.W.2d 372, 378 (Tex. Crim. App.
1990); Roberts v. State, 29 S.W.3d 596, 600 (Tex. App.—Houston [1st Dist.] 2000,
pet. ref’d). As a general rule, to prevent an accused from being prosecuted for some
collateral crime or misconduct, the State may not introduce evidence of bad acts
similar to the offense charged, even if relevant. Rule 404(b) provides that evidence
of “other crimes, wrongs or acts” is not admissible to prove a defendant’s character
in order to show action in conformity therewith. Tex. R. Evid. 404(b). However, this
type of evidence may be admissible for other purposes, such as proof of motive,
opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or
accident. Tex. R. Evid. 404(b). Yet, even if the evidence is relevant and falls within
a permissible exception under Rule 404(b), the evidence may still be excluded by the
trial court under Rule 403 if its probative value is substantially outweighed by the
danger of unfair prejudice. Montgomery, 810 S.W.2d at 387. Therefore, in order to
be admissible, the extraneous evidence must be relevant and fall within a Rule 404(b)
exception, and its probative value must not be substantially outweighed by its
prejudicial effects.
          In addition to the explicit exceptions set out in Rule 404(b), extraneous offense 
evidence may be admissible as contextual evidence. Wyatt v. State, 23 S.W.3d 18,
25 (Tex. Crim. App. 2000). There are two types of contextual evidence: (1) evidence
of other offenses connected with the primary offense, referred to as same transaction
contextual evidence; and (2) general background evidence, referred to as background
contextual evidence. Mayes v. State, 816 S.W.2d 79, 86-87 (Tex. Crim. App. 1991) 
Same transaction contextual evidence is admissible as an exception under Rule
404(b) where such evidence is necessary to the jury’s understanding of the charged
offense. See Wyatt, 25 S.W.3d at 25; Rogers v. State, 853 S.W.2d 29, 33 (Tex. Crim.
App. 1993). Extraneous conduct is considered to be same transaction contextual
evidence when the charged offense would make little or no sense without also
bringing in the same transaction evidence. Rogers, 853 S.W.2d at 33. Such evidence
provides the jury information essential to understanding the context and
circumstances of events that are blended or interwoven. Camacho v. State, 864
S.W.2d 524, 532 (Tex. Crim. App. 1993). 
          The purpose of admitting same transaction contextual evidence is not to show
that the extraneous charged offenses are part of a common scheme or that the charged
offense was committed in an identical signature manner. Jones v. State, 962 S.W.2d
158, 166 (Tex. App.—Fort Worth 1998, no pet.). Nor is the purpose to show that
appellant committed the charged offense merely because he also committed the
extraneous offense. Id. Rather, the purpose of admitting extraneous evidence as
same transaction contextual evidence is to put the instant offense in context. Id.;
Mayes, 816 S.W.2d at 86-87; Camacho, 864 S.W.2d at 532. 
          In addition to satisfying the requirements of same transaction contextual
evidence, to be admissible, extraneous evidence must also satisfy the balancing test
of Rule 403. Tex. R. Evid. 403. Generally, although a trial court must still perform
a balancing test to see if the same transaction contextual evidence’s probative value
is substantially outweighed by its prejudicial effect, the prejudicial nature of
contextual evidence rarely renders such evidence inadmissible, as long as it sets the
stage for the jury’s comprehension of the whole criminal transaction. Houston v.
State, 832 S.W.2d 180, 183-84 (Tex. App.—Waco 1992, pet. dism’d); Smith v. State,
949 S.W.2d 333, 337 (Tex. App.—Tyler 1996, pet. ref’d). 
          Here, evidence of the arrest warrant for the extraneous Burleson County
offense, through testimony and the admission of the redacted arrest warrant itself, was
helpful to the jury’s understanding of the instant possession offense because it was
so intertwined with the charged offense. The arrest warrant evidence provided the
jury with a context to show why Glidewell and Norsworthy were searching for
appellant, why they were at the location to come across appellant’s truck, and how
they found the methamphetamine located in appellant’s truck. We hold that the arrest
warrant evidence as redacted and limited by the trial court in the State’s case-in-chief
constituted contextual evidence indivisibly connected to the charged offense and was
therefore admissible under Rules 401 and 404(b). Tex. R. Evid. 401, 404(b). 
          We also conclude that the prejudicial effect of the extraneous evidence did not
substantially outweigh its probative value.


 Limited details surrounding the arrest
warrant were introduced in the State’s case-in-chief. Investigator Glidewell testified
only that he obtained an arrest warrant for appellant and that he subsequently took
that arrest warrant to a location in Brazos County. Immediately after Glidewell
testified that he obtained an arrest warrant, the court provided the jury with limiting
instructions to consider the arrest warrant testimony only for “informational
purposes” and not for purposes of determining appellant’s guilt. The redacted version
of the arrest warrant was then introduced into evidence for all purposes, while the
non-redacted version was introduced merely for purposes of the appellate record and
was not shown to the jury. The only information contained in the redacted arrest
warrant was the fact that there was probable cause to arrest appellant. Consequently,
the trial court did not abuse its discretion in admitting this contextual evidence during
the State’s case-in-chief. We overrule appellant’s second point of error. 
Rebuttal Evidence of Burleson County Offense 
          In his third point of error, appellant contends the trial court erred in admitting
evidence and testimony concerning the extraneous Burleson County offense of
possession of a prohibited substance in a correctional facility on which the arrest
warrant was based. Appellant argues that this evidence was not relevant, that it did
not fit into an exception to Rule 404(b), and that its probative value was outweighed
by its prejudicial effect. 
          As previously noted, extraneous offense evidence is generally inadmissible
unless it has noncharacter-conformity relevance, it falls within a Rule 404(b)
exception, and its prejudicial effect does not substantially outweigh its probative
value. Among the exceptions listed in Rule 404(b), extraneous offense evidence may
be admissible to prove intent and knowledge. Rebuttal of a defensive theory is also
one of the permissible purposes for which relevant extraneous evidence may be
admitted under Rule 404(b). See Moses v. State, 105 S.W.3d 622, 626 (Tex. Crim.
App. 2003); Powell v. State, 63 S.W.3d 435, 438 (Tex. Crim. App. 2001).
          In the present case, during cross-examination of the State’s witnesses, appellant
argued that the State did not prove that appellant had care, custody, or control over
the methamphetamine found in the truck. Appellant relied heavily on the defensive
theory that the State failed to link the truck to appellant and the possibility that
somebody else could have gained entry into the truck where the methamphetamine
was found. The State, in rebuttal, introduced evidence of the extraneous Burleson
County offense, and the court permitted its admission because the appellant opened
the door by his cross-examination of the State’s witnesses and his defensive theory. 
Thus, in the rebuttal stage, the State introduced testimony concerning the Burleson
County offense. It also introduced the redacted judgment of the Burleson County
offense showing that appellant pleaded nolo contendere to the elements alleged in the
indictment—that he intentionally and knowingly took into the Burleson County Jail
a controlled substance, namely, methamphetamine. Both the indictment and the
redacted judgment show the date of the Burleson County offense to be the same date
as the instant offense. Consequently, the jury could reasonably infer that, because
appellant intentionally and/or knowingly took methamphetamine into the Burleson
County jail, he also knowingly and/or intentionally possessed the methamphetamine
in his truck.


 
          The extraneous offense evidence is relevant because it logically makes 
elemental facts—intent and knowledge—more or less probable, and it makes the
defense’s evidence, attempting to undermine these elemental facts, more or less
probable. Montgomery, 810 S.W.2d at 387-88. The fact that appellant pleaded nolo
contendere to the indictment elements of the Burleson county offense—that he
knowingly and intentionally took methamphetamine to the jail—the same day as the
instant offense, was evidence that tended to establish appellant’s intent and his
knowledge of possession of methamphetamine on the date of the charged offense. 
Therefore, we conclude that the extraneous offense evidence was properly admitted
under Rule 404(b).


 
          Having determined that the extraneous offense evidence had relevance apart
from showing appellant’s bad character, we must determine whether the court
conducted a proper Rule 403 analysis. We give great deference to the trial court’s
determination that the probative value of the extraneous offense evidence outweighed
its prejudicial effect. Montgomery, 810 S.W.2d at 392. We find that (1) this
extraneous offense evidence made appellant’s intent and his knowledge of the
methamphetamine in his truck more probable; (2) this evidence had only a slight
potential for impressing the jury irrationally; (3) the amount of time expended in
developing this evidence was appropriate, given appellant’s defensive theories and
his opening the door; and (4) it did not outweigh, but rebutted, appellant’s evidence
of lack of intent to possess the methamphetamine in his truck and lack of knowledge
of its presence. See Santellan, 939 S.W.2d at 169. Giving deference to the trial
court’s determination of admissibility, we conclude that the decision to admit the
evidence was within the zone of reasonable disagreement. 
Legal Insufficiency 
          In his fourth point of error, appellant claims that the evidence was legally
insufficient to support his conviction. Appellant argues that the evidence fails to
establish that “he knew of the contraband’s existence, much less exercised control
over it” because the State failed to affirmatively link him to the truck and the
methamphetamine found in the truck. In support of his argument, appellant notes that
the State (1) failed to establish that he owned the vehicle, (2) failed to link him to the
truck containing the methamphetamine; and (3) failed to present any evidence of
fingerprints found in the truck.
          We review the legal sufficiency of the evidence by viewing the evidence in the
light most favorable to the verdict to determine if any rational factfinder could have
found the essential elements of the crime beyond a reasonable doubt. Westbrook v.
State, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000); King v. State, 29 S.W.3d 556, 562
(Tex. Crim. App. 2000). Although our analysis considers all evidence presented at
trial, we may not re-weigh the evidence and substitute our judgment for that of the
factfinder. King, 29 S.W.3d at 562. 
          To prove unlawful possession of a controlled substance, the State must
establish that the accused (1) exercised care, control, custody, or management over
the contraband, (2) was conscious of his connection with it, and (3) knew the matter
was contraband. Tex. Health & Safety Code Ann. §§ 481.002, 481.115 (Vernon
2003); Brown v. State, 911 S.W.2d 744, 747 (Tex. Crim. App. 1995); Roberson v.
State, 80 S.W.3d 730, 735 (Tex. App.—Houston [1st Dist.] 2002, pet. ref’d). When
contraband is not found on the appellant’s person, as here, the evidence must
affirmatively link it to the defendant so that it can be reasonably inferred he knew
about it and exercised control over it. Roberson, 80 S.W.3d at 735. The factors that
establish affirmative links include whether (1) the defendant was present when the
drugs were found; (2) the contraband was in plain view; (3) the defendant was in
proximity to the drugs and had access to them; (4) the defendant was under the
influence of drugs when arrested; (5) the defendant possessed other contraband; (6)
the defendant made incriminating statements when arrested; (7) the defendant
attempted to flee; (8) the defendant made furtive gestures; (9) there was an odor of
drugs; (10) the defendant owned or had the right to possess the place where the drugs
were found; (11) the drugs were found in an enclosed place; (12) the amount of drugs
found was significant; (13) the defendant possessed weapons; and (14) the defendant
possessed a large amount of cash. Hurtado v. State, 881 S.W.2d 738, 743 (Tex.
App.—Houston [1st Dist.] 1994, pet. ref’d). Although courts recognize many non-exhaustive factors that may constitute affirmative links, the number of factors is not
as important as the degree to which they, alone or together, tend affirmatively to link
the accused to the drug. Id. Evidence that affirmatively links the accused to the
drugs must establish a connection that was more than fortuitous. Brown, 911 S.W.2d
at 747. 
            After examining the record, we conclude that a rational trier of fact could have
found, beyond a reasonable doubt, that appellant knowingly possessed the
methamphetamine found in the truck. Specifically, the jury was presented with
sufficient evidence that linked appellant to the truck and the drugs found therein. 
Glidewell testified that he saw suspected methamphetamine in plain view in a truck
that he knew belonged to appellant. Appellant voluntarily signed a consent to search
form describing the vehicle and gave the keys to his vehicle to Glidewell. Glidewell
testified that appellant never gave any indication that anyone other than himself had
possession or control of the vehicle. And Norsworthy testified that appellant never
brought up the issue of accessibility to the truck or that there was a flawed door
handle, suggesting that someone else could have gotten into his vehicle. 
          Viewing the evidence in the light most favorable to the verdict, a rational jury
could have found that the above facts sufficiently linked appellant to the truck and to
the methamphetamine. Accordingly, we hold that the evidence is legally sufficient
to support the conviction. We overrule appellant’s fourth point of error. 
State’s Closing Arguments 
          In points of error five and six, appellant claims that the trial court erred in
overruling his objections to the State’s closing argument. Appellant contends that the
prosecutor (1) struck at the appellant “over the shoulders of his attorney” and (2)
introduced facts not supported by the evidence adduced at trial.
            The law provides for and presumes a fair trial, free from improper argument by
the State. Long v. State, 823 S.W.2d 259, 267 (Tex. Crim. App.1991). Proper jury
argument must encompass one of the following: (1) a summation of the evidence
presented at trial; (2) a reasonable deduction drawn from that evidence; (3) an answer
to the opposing counsels argument; or (4) a plea for law enforcement. Guidry v.
State, 9 S.W.3d 133, 154 (Tex. Crim. App. 1999); Sandoval v. State, 52 S.W.3d 851,
857 (Tex. App.—Houston [1st Dist.] 2001, pet. ref’d). To determine whether a
party’s argument properly falls within one of these categories, we must consider the
argument in light of the entire record. Sandoval, 52 S.W.3d at 857. In most cases,
if error occurs, an instruction to disregard will cure any error committed. Shannon,
942 S.W.2d 591, 597-98 (Tex. Crim. App. 1996). 
          Striking Over the Shoulders
          In regard to appellant’s assertion that the State improperly struck at the
defendant over the shoulders of his attorney, we conclude that appellant invited the
alleged improper argument. The relevant exchange occurred as follows—first, during
its jury argument, defense counsel stated:
Mr. Bobbitt:They have not shown beyond a
reasonable doubt. They have brought
you some evidence, and they’ve thrown
it up against the wall like mud hoping
some of it will stick to you. They got
so frantic and panicky at the end of the
day, they brought you some evidence
of Burleson County [offense of
prohibited substance in a correctional
facility]. 

Then, in its argument, the State responded:
Ms. Lowry:. . . There is only one person that
created this situation and has required
you to be here, and we all know who
that is. Now, how did he do that? You
know, it’s funny that Mr. Bobbitt talks
about let’s throw some mud against the
wall and see what sticks, because that’s
a classic defense technique. Classic. 
That’s what they do. When they can’t
convince you, they try to confuse you. 

                    Mr. Bobbitt:          I would object at striking at the
Defendant over the shoulders of his
attorney.
 
The Court:Objection overruled. 

          If the defense counsel invites argument, then it is appropriate for the State to
respond. See Albiar v. State, 739 S.W.2d 360, 362 (Tex. Crim. App. 1987). In this
case, the prosecutor was responding to defense counsel’s argument; even the
language the prosecutor used in argument mirrors that of defense counsel. In
reviewing defense counsel’s argument and the prosecutor’s response, we cannot say
that the trial court abused its discretion in overruling the objection. The response was
within an invited argument, and no error occurred. 
          Improper Announcement of Evidence

          Appellant also contends the State’s argument was “an improper announcement
of evidence.” During the prosecutor’s jury argument the following exchange
occurred:
Ms. Lowry: (Continuing) And the arrest warrant
that they brought with them on that
day, July 8th, 2001, that [Glidewell]
obtained just earlier—and you can take
these things back in the jury room with
you—that arrest warrant was because
he had just delivered methamphetamine
to the Burleson County Jail. You heard
Investigator Glidewell tell you that—
 
Mr. Bobbitt:Judge, that was an improper
pronouncement. There was no
evidence that he delivered those drugs
to anybody in Burleson County.
 
The Court: Objection overruled.
          We consider challenged jury argument in its context and grant counsel wide
latitude in drawing inferences from the evidence. Gaddis v. State, 753 S.W.2d 396,
398 (Tex. Crim. App. 1988). As previously noted, proper jury argument includes
summation of the evidence presented at trial and reasonable deductions drawn from
that evidence. Guidry, 9 S.W.3d at 154; Sandoval, 52 S.W.3d at 857. Here, the
State’s reference to an arrest warrant and the extraneous offense was a summary of
the evidence and a reasonable deduction from the evidence. During trial, the arrest
warrant, the indictment, and the judgment for the Burleson County extraneous offense
were all admitted into evidence. Officer Glidewell also testified that he was told by
Norsworthy that appellant tried to pass methamphetamine to his wife in jail and that
he obtained the arrest warrant based on that information. Therefore, based on the
evidence presented at trial, the State’s jury argument was proper as a summation of
the evidence and as a reasonable deduction drawn from the evidence. As such, the
prosecutor’s argument was not improper, and the trial court did not err in overruling
appellant’s objection. 
          We overrule points of error five and six. 
Conclusion
          We affirm the judgment. 
 
Evelyn V. Keyes
                                                             Justice
Panel consists of Chief Justice Radack and Justices Keyes and Alcala.
Publish. Tex. R. App. P. 47.2(b).