Opinion issued December 1, 2005
     











In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00730-CR




SIDNEY LAMB, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 209th District Court
Harris County, Texas
Trial Court Cause No. 918629




O P I N I O N

          A jury convicted appellant, Sidney Lamb, of aggravated robbery and assessed
his punishment at confinement for 60 years and a $1,000 fine. See Tex. Pen. Code
Ann. § 29.03 (Vernon 2003). In four points of error, appellant argues that the trial
court erred during the punishment phase of the trial by admitting (1) extraneous
offense testimony and (2) appellant’s Texas Department of Criminal Justice (TDCJ)
disciplinary records. 
          We affirm. 
Background 
          Around 3:00 a.m. on the morning of July 18, 2002, James Doku, a newspaper
deliveryman, was delivering newspapers to customers on his route. As he drove his
green Chevy Blazer into the entrance of the Polo Club Apartments in Houston, Texas,
Doku was followed by appellant and two other men in a white Toyota Corolla. When
Doku got out of his Blazer and began restocking a newspaper stand, appellant
approached him with a shotgun, and forced him to lie on the ground. While Doku lay
on the ground, the two men accompanying appellant drove away in his Blazer.
Shortly thereafter, appellant stole Doku’s wallet and fled in the Corolla. 
          Appellant raises no points of error related to the guilt-innocence phase of his
trial. Rather, he contests the admissibility of evidence presented during the
punishment phase, specifically the testimony of Shazia Jackson and the admission of
his TDCJ disciplinary records. 
          Jackson’s Testimony
          During the punishment phase of trial, records were introduced indicating that
appellant had been indicted in three separate causes, nos. 823811, 823812, and
823813, for robbery, aggravated kidnapping, and sexual assault, respectively, as a
result of a June 3, 1999 incident in which Jackson was the complainant. The record
contains no evidence that appellant’s indictments in cause nos. 823812 and 823813,
for aggravated kidnapping and sexual assault, ever proceeded to trial. As a result of
the June 3, 1999 incident, appellant was tried for robbery in cause no. 823811 and
convicted of the lesser included offense of misdemeanor assault. 
          Consistent with Article 37.07 of the Texas Code of Criminal Procedure, the
State notified appellant of its intent to introduce extraneous offense evidence
regarding cause no. 823811 during the punishment phase of trial. See Tex. Code
Crim. Proc. Ann. art. 37.07, § 3(a)(1) (Vernon Supp. 2005). In a hearing outside the
jury’s presence, the State indicated that it would call Jackson to testify about all of the
facts and circumstances of the June 3, 1999 incident. The State indicated that
Jackson’s testimony would include evidence of sexual assault and robbery. Appellant
objected, arguing that any testimony by Jackson regarding sexual assault, kidnapping,
or robbery in connection with the June 3, 1999 incident was collaterally estopped
because he had not been convicted of those offenses. Appellant also raised a Rule
403 objection to the proposed testimony, contending that it would be more prejudicial
than probative of any relevant facts. See Tex. R. Evid. 403. The trial court overruled
appellant’s objections and granted him a running objection to Jackson’s testimony.
          Jackson testified that she and appellant had arranged a date on June 3, 1999. 
During the course of the date, Jackson drove appellant to the home of one of his
friends. While Jackson was inside, appellant took her car without permission. He
returned a short time later, and Jackson and appellant left his friend’s home in
Jackson’s car. Jackson then drove appellant to his residence. Upon arriving, the two
began arguing. Appellant forcibly took Jackson’s keys and attempted to shove her
into his home through a back window. When this failed, appellant bit Jackson,
forcibly pulled at her clothes, and penetrated her vagina with his penis. Appellant
then forced Jackson back into her car and drove her to an area park where he talked
with some friends. When Jackson attempted to escape, appellant threw her on the
ground and struck her with his foot. After two people assisted her, Jackson managed
to flee and called police from a nearby store. 
          After Jackson was excused, and outside the jury’s presence, appellant again
objected to Jackson’s testimony on the basis of collateral estoppel. Appellant stated
that his indictments for kidnapping and sexual assault had been expunged, which
indicated that he was acquitted of those charges. Appellant asked the trial court to
reconsider the admissibility of Jackson’s testimony. In response, the State reiterated
its earlier position, namely that appellant had not been acquitted of kidnapping or
sexual assault, and argued that because appellant was convicted of misdemeanor
assault, it was permissible for Jackson to offer testimony concerning the events that
led to that conviction. The court again overruled appellant’s objections. 
          Appellant then questioned a clerk from the Harris County District Court, who
testified that the records accompanying appellant’s indictments for kidnapping and
sexual assault had been expunged. The clerk did not state that the records had been
destroyed, indicating only that they had been made inaccessible to the public. On
cross-examination, the clerk indicated that records may be expunged for reasons other
than acquittal. 
          TDCJ Disciplinary Records
          Also during the punishment phase of appellant’s trial, the State introduced in
evidence a packet of records from the TDCJ identifying disciplinary infractions
appellant committed while confined in the Institutional Division of the TDCJ. The
properly authenticated records stated that appellant: (1) intentionally damaged a state-owned jacket; (2) failed to obey the instructions of a prison guard; and (3) entered a
bunk without authorization. The redacted records contained no information as to why
appellant was confined. Prior to the introduction of the records, appellant objected
outside the jury’s presence that the records impermissibly gave the impression that
appellant was convicted of a felony then under appeal,


 and were in violation of Rule
403. The trial court overruled appellant’s objections.
Standard of Review
          We review a trial court’s actions as to the admissibility of extraneous offense
evidence under an abuse of discretion standard. See Roberts v. State, 29 S.W.3d 596,
600 (Tex. App.—Houston [1st Dist.] 2000, pet. ref’d). As long as the trial court’s
ruling was within the “zone of reasonable disagreement,” there is no abuse of
discretion, and we must uphold the ruling. Id. 
          During a trial’s guilt-innocence phase, the State generally may not introduce
evidence of bad acts similar to the offense charged in order to prevent an accused
from being prosecuted for some collateral crime or misconduct. Id. at 600–01. 
Evidence of extraneous crimes or bad acts, however, may be admitted during a trial’s
punishment phase if it is deemed relevant to sentencing by the trial court. Tex. Code
Crim. Proc. Ann. art. 37.07, § 3(a)(1). A trial court has wide discretion in deciding
the admissibility of evidence presented at the punishment phase of trial. See
Henderson v. State, 29 S.W.3d 616, 626 (Tex. App.—Houston [1st Dist.] 2000, pet.
ref’d). Article 37.07, § 3(a)(1) of the Code of Criminal Procedure specifically
provides that: 
[E]vidence may be offered by the [S]tate and the defendant as to any
matter the court deems relevant to sentencing, including but not limited
to the prior criminal record of the defendant, his general reputation, his
character, an opinion regarding his character, the circumstances of the
offense for which he is being tried, and, notwithstanding Rules 404 and
405, Texas Rules of Criminal Evidence, any other evidence of an
extraneous crime or bad act that is shown beyond a reasonable doubt by
evidence to have been committed by the defendant or for which he could
be held criminally responsible, regardless of whether he has previously
been charged with or finally convicted of the crime or act. 

Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a)(1). The trial court is the authority on
the threshold issue of the admissibility of relevant evidence during the punishment
phase, while the jury determines whether or not the burden of proof for those offenses
presented has been satisfied by the party offering the evidence. See Mitchell v. State,
931 S.W.2d 950, 954 (Tex. Crim. App. 1996). 
           Evidence of past bad acts may also be introduced if it constitutes same
transaction contextual evidence.


 See Rodgers v. State, 853 S.W.2d 29, 33 (Tex.
Crim. App. 1993). When several crimes are intermixed, blended, or connected with
one another so that they form an indivisible criminal transaction, they are collectively
referred to as same transaction contextual evidence. See Wyatt v. State, 23 S.W.3d
18, 25 (Tex. Crim. App. 2000); Mayes v. State, 816 S.W.2d 79, 86–87 (Tex. Crim.
App. 1991). Same transaction contextual extraneous offense evidence is admitted,
not because it has any particular evidentiary purpose, but rather, because in narrating
the one offense, it is impracticable to avoid describing the other extraneous offense. 
See Mayes, 816 S.W.2d at 86–87. Thus, same transaction contextual offense
evidence illuminates the nature of the crime alleged by imparting to the trier of fact
information essential to understanding the context and circumstances of events. See
Camacho v. State, 864 S.W.2d 524, 532 (Tex. Crim. App. 1993). 
                                                             Analysis
          Appellant’s Collateral Estoppel Complaint Regarding Jackson’s Testimony
          In his first point of error, appellant contends that the trial court abused its
discretion by admitting testimony from Jackson that was collaterally estopped, and
therefore barred by the constitutionally based doctrine of double jeopardy.
          The Fifth Amendment’s protection against double jeopardy embodies the 
collateral estoppel doctrine. Ashe v. Swenson, 397 U.S. 436, 445–46, 90 S. Ct. 1189,
1197 (1970). “When an issue of ultimate fact has once been determined by a valid
and final judgment, that issue cannot again be litigated between the same parties in
any future lawsuit.” Id. at 443, 90 S. Ct. at 1194. Thus, once a jury determines a
specific fact in favor of a criminal defendant, the State cannot contest the jury’s
finding in a subsequent proceeding. Ex parte Watkins, 73 S.W.3d 264, 268 (Tex.
Crim. App. 2002). This prohibition on relitigating decided facts applies to both the
guilt-innocence and punishment phases of a criminal prosecution. See Ex parte
Mathes, 830 S.W.2d 596, 598 (Tex. Crim. App. 1992). 
          In applying the doctrine of collateral estoppel, a court must first determine if
the fact in question was decided during a previous trial. Ex parte Watkins, 73 S.W.3d
at 268. To do so, a court “must review the entire trial record, as well as the pleadings,
the charge, and the arguments of the attorneys, to determine ‘with reason and
rationality’ precisely which facts the jury necessarily decided and whether the scope
of its findings regarding specific historical facts bars relitigation of those same facts
in a second criminal trial.” Id at 268–69 (quoting Ashe, 397 U.S. at 444, 90 S. Ct. at
1189). The defendant bears the burden of demonstrating that the record affirmatively
shows that the fact in question was formerly determined. See Guajardo v. State, 109
S.W.3d 456, 460 (Tex. Crim. App. 2003). 
          Appellant contends that he was previously acquitted of charges that he sexually
assaulted, kidnapped, and robbed Jackson, and thus her testimony relating to these
offenses was collaterally estopped. Appellant’s contention is without merit for two
reasons. 
          First, appellant fails to establish that a previous jury trial decided any facts in
his favor concerning the offenses of kidnapping and sexual assault. Appellant
supports his contention that he was acquitted of sexual assault and kidnapping by
noting that although he was indicted for those offenses, the corresponding records
were expunged. Appellant argues that because the records were expunged, he must
have been acquitted. Expunction, however, cannot be equated with acquittal. The
Texas Code of Criminal Procedure provides that an expunction may be granted when
an indictment is dismissed or quashed due to “mistake, false information, or other
similar reason indicating absence of probable cause at the time of the dismissal to
believe the person committed the offense or because it was void.” Tex. Code Crim.
Proc. Ann. art. 55.01 (Vernon Supp. 2005). Appellant has not produced the trial
record from the prior proceedings, the pleadings, the charge, or the argument of the
attorneys. Because the records appellant cites could have been expunged on the basis
of the respective indictments being dismissed on various grounds, and appellant has
produced no evidence to support his contention that he was acquitted of the charges
as to which Jackson testified, appellant has failed to carry his burden of proving
collateral estoppel.



          Second, Jackson’s complained of testimony constituted same transaction
contextual evidence. See Rodgers, 853 S.W.2d at 33. Appellant was convicted for
misdemeanor assault in cause no. 823811. During the punishment phase of trial,
consistent with Article 37.07, the State introduced the trial court’s judgment and
sentence for cause no. 823811. See Tex. Code Crim. Proc. Ann. art. 37.07, §
3(a)(1). At no time did the State elicit testimony indicating that appellant was
convicted of sexual assault, kidnapping, or robbery.


 Jackson’s testimony related to
a single, albeit prolonged, encounter with appellant from which each of the offenses
at issue flowed. Her testimony described the events that resulted in appellant’s
conviction for misdemeanor assault. In narrating these events, it would have been
impracticable for Jackson to avoid describing the other extraneous offenses. See
Mayes, 816 S.W.2d at 86–87.
          We overrule appellant’s first point of error. 
          Appellant’s Rule 403 Complaint Regarding Jackson’s Testimony
          In his second point of error, appellant contends that the trial court erred in
admitting Jackson’s testimony in violation of Texas Rule of Evidence 403. 
          Although a trial court possesses wide latitude in determining the admissibility
of evidence presented at the punishment phase of trial, admitted evidence must satisfy
Rule 403. See Rogers v. State, 991 S.W.2d 263, 266 (Tex. Crim. App. 1999). Rule
403 provides for the exclusion of relevant evidence when its probative value is
“substantially outweighed by the danger of unfair prejudice, confusion of the issues,
or misleading the jury.” Tex. R. Evid. 403. Thus, relevant evidence otherwise
admissible under Article 37.07 is inadmissible if it fails to comport with Rule 403. 
See Rogers, 991 S.W.2d at 266–67. A Rule 403 objection requires that the trial court
balance the probative value of the evidence against its potentially prejudicial effect.
Montgomery v. State, 810 S.W.2d 372, 388–90 (Tex. Crim. App. 1990). Such a
balancing test includes, but is not limited to, four factors: (1) the probative value of
the evidence; (2) the potential to impress the jury in some irrational yet indelible way;
(3) the time needed to develop the evidence; and (4) the proponent’s need for the
evidence. Id. at 389–90; see also Sunbury v. State, 88 S.W.3d 229, 235 (Tex. Crim.
App. 2002) (suggesting in dicta that the Montgomery factors apply to Rule 403
decisions on punishment evidence). 
          Appellant contends that Jackson’s testimony indicating that he robbed,
kidnapped, and sexually assaulted her violated Rule 403 because its prejudicial effect
substantially outweighed its probative value. Appellant’s claim rests largely on his
insistence that he was acquitted of kidnapping and sexual assault. He contends that
his acquittal on those charges undermines any probative value accorded to the facts
and circumstances surrounding the events of June 3, 1999. 
          Appellant’s Rule 403 arguments are without merit. Although Jackson’s
testimony was undoubtedly prejudicial, we cannot say that the trial court abused its
discretion in concluding that its probative value was not substantially outweighed by
the danger of unfair prejudice. Jackson’s testimony was highly probative of
appellant’s character and thus instrumental in giving complete information to the jury
so that it could tailor an appropriate sentence. See Erazo v. State, 144 S.W.3d 487,
491 (Tex. Crim. App. 2004). Moreover, the State only briefly examined Jackson on
the details of appellant’s sexual assault against her. Finally, as previously noted,
appellant failed to establish that he was acquitted of kidnapping and sexual assault,.
By providing the details of appellant’s assault against her, Jackson’s testimony was
probative of a prior adjudicated offense for which appellant was found guilty. We
conclude that the trial court’s determination that the complained-of evidence was not
prohibited by Rule 403 falls within the zone of reasonable disagreement. See
Roberts, 29 S.W.3d at 600. 
          We overrule appellant’s second point of error. 
          Appellant’s TDCJ Disciplinary Records Complaints
          In his third and fourth points of error, appellant contends that the trial court
erred in admitting his TDCJ disciplinary records. 
           It is well within the trial court’s discretion to admit properly authenticated
records of disciplinary infractions during a trial’s punishment phase. See Jackson v.
State, 822 S.W.2d 18, 30–31 (Tex. Crim. App. 1990), cert. denied, 509 U.S. 921
(1993). Such records constitute admissible evidence for the purposes of showing
extraneous bad acts by a defendant during a trial’s punishment phase. See Tex. Code
Crim. Proc. Ann. art. 37.07, § 3(a)(1). 
          Appellant contends that the admission of the records informed the jury that he
was incarcerated for the aggravated robbery of Carroll, a conviction that was under
appeal during appellant’s trial in the instant case. See Lamb v. State, No.
01–03–00587–CR, 2004 WL 1472114 (Tex. App.—Houston [1st Dist.] July 1, 2004,
pet. ref’d) (mem. op.). Though Carroll did testify during the punishment phase about
his encounter with appellant, the State did not present any evidence that appellant’s
imprisonment resulted from those events. As appellant’s confinement was
necessarily related to the challenged disciplinary records, the State could not have
introduced the records without revealing that appellant was in the TDCJ’s custody. 
          Appellant further contends that the admission of his TDCJ records violated 
Rule 403, because the records’ probative value was substantially outweighed by the
danger of unfair prejudice and jury confusion. Appellant’s contention is without
merit. The complained-of records were probative in that they informed the jury of
appellant’s character and provided relevant information for the jury to assess an
appropriate sentence. See Erazo, 144 S.W.3d at 491. 
           As noted, a trial court possesses wide discretion in determining the
admissibility of evidence during a trial’s punishment phase. See Henderson, 29
S.W.3d at 626. We conclude that the trial court’s admission of appellant’s TDCJ
records was not an abuse of discretion. 
          We overrule appellant’s third and fourth points of error.Conclusion
          We affirm the judgment of the trial court. 
 
 
 
                                                             Evelyn V. Keyes
                                                             Justice
 
Panel consists of Justices Taft, Keyes, and Hanks.
Publish. Tex. R. App. P. 47.2(b).