Opinion issued February 6, 2003











In The
Court of Appeals
For The
First District of Texas




NO. 01-02-00375-CR




 THERESA CARMACK, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the County Court at Law
Washington County, Texas
Trial Court Cause No. 28502-272




MEMORANDUM OPINION

          A jury convicted appellant, Theresa Carmack, of the Class B misdemeanor
offense of criminal mischief by damaging or destroying tangible property, and the
trial court assessed punishment at 60 days in jail. See TEX. PEN. CODE ANN. §
28.03(a)(1), (b)(2) (Vernon Supp. 2003). We determine whether appellant preserved
her appellate challenges. We affirm.
Background

          Sheila Hughes, the complainant and appellant’s cousin, testified that she saw
appellant scratch the driver’s side door of Sheila’s car with an unknown object early
on the morning of October 30, 2000. Tamisha Hughes, Sheila’s sister and also
appellant’s cousin, was also an eyewitness and corroborated Sheila’s account. Sheila
testified that she and appellant had had problems in the past over a mutual boyfriend. 
Appellant denied having had problems with Sheila or having scratched Sheila’s car. 
Appellant testified that she was out of town when the car was scratched.


 
Overruling of Objection to the State’s Opening Argument
          In her first point of error, appellant contends that the trial court erred in
overruling her objection to the State’s opening remarks to the jury, which remarks
allegedly concerned “prior misconduct by appellant,” in violation of the Rules of
Evidence. See Tex. R. Evid. 402, 403, 404(b).
 
          The State’s opening argument contained the following statement:
State:As I told you during voir dire, we have three witnesses that
are related, Sheila, Tamisha, and Lillian Hughes. And
Sheila I expect to be our first witness, and Sheila is the
alleged victim, or she is the complainant in this case. And
Sheila will testify I expect about many problems before
October of 2000 that she has had—

(Emphasis added.) At this point, outside the jury’s presence, appellant objected to the
State’s referring “to any extraneous offenses for which the accused is not on trial, and
that [sic] what [the prosecutor] sounds like she’s about to go into.”
          The trial court stated, “I think I agree with [appellant], but [the prosecutor]
didn’t talk about any offenses. . . .” Appellant reiterated that she was concerned that
the State was going to tell the jury about extraneous acts in opening argument. The
trial court replied, “Why don’t you just in the opening statement leave it like it is, and
then what we can do is go on the evidence.” and “We can cover that on the evidence
objection.” The parties clearly understood the trial court to have ruled that the State
could refer to general problems between the appellant and Sheila during the opening
statement, but that the State could not go into specifics. Appellant objected generally
to this ruling, and the trial court overruled that objection. The State then resumed its
argument: “What I expect the evidence to show when she testified [sic] is previous
to October 30th of 2000 that there were numerous problems between [Sheila] and the
defendant.” 
          The State mentioned only that “numerous problems” existed between the two
women, without explaining what the problems were or whether appellant had
committed any acts at all. Appellant is thus incorrect that the State mentioned her
prior misconduct. Moreover, to the extent that appellant’s objection was to the
State’s anticipated mention of misconduct, the trial court granted that objection by
restricting the State’s argument as it did. In that regard, appellant received the relief
that she had sought, and there is no adverse ruling for us to review.


 See Cockrell v.
State, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996) (holding that failure to pursue
objection to adverse ruling forfeits right to complain about error on appeal). 
          We overrule point of error one. 
Denial of Written Motion
          In point of error two, appellant claims that the trial court erred in denying her
written “motion to exclude extraneous offense and misconduct testimony,” which she
filed after the opening arguments and before the presentation of evidence. The trial
court denied the motion, expressly noting that “[t]he objection may be renewed at the
time of the offer of evidence.”
          The trial court’s notation that the objection could be renewed when evidence
was offered—which mirrored the trial court’s ruling during appellant’s objection to
the State’s opening argument—indicates that the trial court essentially entered an in
limine ruling, which generally does not preserve error. Cf. Johnson v. State, 981
S.W.2d 759, 760 (Tex. App.—Houston [1st Dist.] 1998, pet. ref’d) (construing
pretrial motions to “suppress” evidence of prior convictions as motions in limine and
holding that (i) overruling of pretrial limine motions did not preserve error and (ii)
appellant’s later testifying to the complained-of evidence waived error); Wilson v.
State, 7 S.W.3d 136, 144 (Tex. Crim. App. 1999) (“The trial court’s action appears
to be in the nature of a ruling on a motion in limine, which does not preserve error.”). 
Because appellant’s motion did not preserve anything for review, overruling the
motion was harmless. See Tex. R. App. P. 44.2(b).
          We overrule point of error two.
Denial of Objection to Extraneous-Offense Evidence
          In her third point of error, appellant asserts that the trial court erred in
overruling her objection to Sheila’s testimony of her belief that appellant had
previously scratched her car. Appellant claims that this testimony concerned an
extraneous offense, which was inadmissible under rules of evidence 402, 403, and
404(b).
          We review the trial court’s ruling on the admissibility of evidence for abuse of
discretion. Roberts v. State, 29 S.W.3d 596, 600 (Tex. App.—Houston [1st Dist.]
2000, pet. ref’d).
          As her opening argument revealed, appellant was relying on the defense of alibi
and on the theories that Sheila and her sister had misidentified appellant, were
unreliable witnesses, or had falsely accused appellant. On direct examination, Sheila
testified that appellant scratched her car door only once on October 30 and that
another scratch on the car door had been made before October 30. On cross-examination, appellant impeached Sheila by asking if Sheila had claimed, in her
written police report, that she had seen appellant make both scratches on October 30. 
Sheila conceded that she had.
          The State began its re-direct examination this way:
State:Ms. Hughes, in this statement where you told the officer
that you saw [appellant] put two scratches on the driver’s
side, why did you tell the police two scratches?
 
Sheila:I didn’t see [appellant] do the first one, but I knew she had
did that one.
 
State:Okay. So you didn’t—
 
Sheila:I didn’t actually see her put that first one there, but I knew
she had did it.

Appellant then objected that Sheila’s testimony was “nonresponsive,” “nonrelevant,”
and “unduly prejudicial” and moved to strike the testimony. The trial court overruled
appellant’s objection.
           A defendant should object “as soon as the ground for objection becomes
apparent.” Lagrone v. State, 942 S.W.2d 602, 618 (Tex. Crim. App. 1997); accord
Dinkins v. State, 894 S.W.2d 330, 355 (Tex. Crim. App. 1995). Therefore, if a
question calls for an objectionable response, the defendant should object before the
witness responds. Lagrone, 942 S.W.2d at 618; Dinkins, 894 S.W.2d at 355. A
defendant who waits to object until after an objectionable question has been asked
and answered, and who shows no legitimate justification for the delay, waives error. 
Lagrone, 942 S.W.2d at 618; Dinkins, 894 S.W.2d at 355. All of appellant’s
objections to Sheila’s testimony were waived for having been asserted only after
Sheila had answered two questions on the topic. See Lagrone, 942 S.W.2d at 618;
Dinkins, 894 S.W.2d at 355.
          We overrule point of error three.

Conclusion
          We affirm the judgment of the trial court.



                                                             Tim Taft
                                                             Justice

Panel consists of Justices Taft, Keyes, and Higley.

Do not publish. Tex. R. App. P. 47.2(b).