Opinion Issued July 3, 2008 















Opinion Issued July 3, 2008








 

     

 

 

 

 

 

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-07-00780-CR

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



LEON LUGO
ANDRADE, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

 



On Appeal from the 263rd District Court

Harris County,
Texas

Trial Court Cause No. 1061270

 








 



MEMORANDUM OPINION

          A jury convicted appellant Leon Lugo
Andrade of murder and assessed punishment at life in prison.  See Tex. Penal Code Ann. § 19.02 (Vernon
2003).  In his sole issue on appeal,
Andrade contends that the trial court erred in allowing the State to introduce
certain extraneous offense evidence about his history of jealousy, anger, and
violence toward his estranged wife.  We
affirm.

Background

          William Huang, the owner of a seafood
restaurant, walked out of the restaurant after closing on March 12, 2006 with
Maritza Andrade and her mother, Serefina Flores.  At the time of the offense, Flores was Andrade’s estranged wife.  Maritza saw her father, Andrade, drive by the
front of the restaurant in his van, turn the van around, and then stop behind
her mother’s truck.  As Andrade exited
his van, he asked who Huang was; Maritza responded that he was their
employer.  Andrade continued asking about
Huang’s identity, and Maritza testified that he seemed drunk and angry.  Andrade retrieved a machete from his van and
began chasing Huang around her mother’s truck and Huang’s van.  Huang stopped running at a dead end in an
alley along the side of the restaurant, and Andrade hit him multiple times with
the machete.  Andrade fled the scene in
his van.  When Houston Police Officer
Gerald Welch arrived, he found Huang lying in the alley facedown in a pool of
blood with a large gash in the back of his head.  Police arrested Andrade months later in West Virginia.  

          At trial, Andrade objected to
testimony regarding his history of jealousy, anger, and violence toward Flores.  The trial court allowed the State to elicit
testimony that Andrade was jealous of his wife and had made threats in the past
based on that jealousy.  

                                              Extraneous Offenses

          Andrade
contends that the trial court erred in allowing the State to introduce
extraneous offense evidence that Andrade was a jealous man, who would get angry
at Flores for
talking to other men, would get drunk, had threatened to harm her, and had been
violent with her in the past.

          We review a trial court’s decision to admit or exclude
evidence under an abuse of discretion standard. 
Montgomery v. State, 810
S.W.2d 372, 379 (Tex. Crim. App. 1990); Roberts
v. State, 29 S.W.3d 596, 600 (Tex. App.—Houston [1st Dist.] 2000, pet. ref’d).  An abuse of discretion occurs only when the
trial court’s decision is so clearly wrong as to lie outside that zone within
which reasonable persons might disagree. 
Montgomery, 810 S.W.2d at 391; Roberts,
29 S.W.3d at 600.

          Outside the presence of the jury, the State expressed its
desire to elicit testimony from Flores
that Andrade had threatened her, had abused her, was jealous, and was
angry.  Andrade objected that the
probative value of such testimony would be outweighed by the danger of unfair
prejudice.  The trial court ruled that
the State could briefly go into the fact that the relationship between Andrade
and Flores was contentious, that Andrade was a jealous individual, that he had
threatened her in the past because of this jealousy, and that the jealousy had
manifested itself in violence.  

          During the conference, the State did not raise—and Andrade
did not object to—the issue of Andrade’s drinking.  Thereafter, Flores testified without objection that
Andrade would get drunk during their marriage. 
Similarly, Andrade did not object when Maritza also testified that he
drank.  To preserve error for appeal, Andrade
was required to raise an objection to the trial court at the earliest possible
opportunity.  See Tex. R. App. P.
33.1 (requiring that the trial record reflect complaint made at trial as
prerequisite to presenting complaint for appellate review); see also Goldberg v. State, 95 S.W.3d 345, 368 (Tex. App.—Houston [1st Dist.] 2002, pet. ref’d)
(requiring that a timely objection be made as soon as the grounds for objection
become apparent).  Because Andrade failed
to object to this testimony at trial, he did not preserve any ruling for appeal
on the admissibility of evidence about his drinking.

          Andrade’s claim that the other extraneous evidence was
“clearly inadmissible” under Rule 404(b) is also waived because he failed to
preserve the complaint for review. See Tex.
R. App. P. 33.1(a)(1)(A) (requiring trial court objection to comport
with objection on appeal); Camacho v. State, 864 S.W.2d 524, 533 (Tex. Crim.
App. 1993).  Andrade’s objection at trial
must comport with the complaint he raises on appeal.  See Swain
v. State, 181 S.W.3d 359, 367 (Tex. Crim.
App. 2005); Lopez v. State, 200 S.W.3d 246, 251 (Tex. App.—Houston [14th Dist.]
2006, pet. ref’d).  Though Andrade
objected at trial to Flores’s
testimony under Rule 403, he failed to voice an objection under Rule 404(b)
and, therefore, waived this argument.  See
Tex. R. App. P. 33.1(a)(1)(A); Wilson v State, 71 S.W.3d 346, 349 (Tex. Crim. App.
2002); Lopez, 200 S.W.3d at 251. 
Consequently, we consider only Andrade’s assertion that the extraneous
offense testimony was unduly prejudicial.

          Evidence may be excluded under Rule 403 if the danger of
unfair prejudice substantially outweighs its probative value.  Tex.
R. Evid. 403; Rogers v. State,
991 S.W.2d 263, 266 (Tex. Crim. App. 1999).  In making this determination, a trial court
should consider (1) how probative the evidence of the extraneous offense is;
(2) the potential for the extraneous offense to impress the jury “in some
irrational but indelible way;” (3) the amount of time the proponent will need
to develop the evidence; and (4) the proponent’s need for the evidence to prove
a fact of consequence.  Wyatt v. State, 23 S.W.3d 18, 26 (Tex.
Crim. App. 2000).  Only a significant
disparity between the degree of prejudice of the evidence and its probative
value will tip the balance toward requiring exclusion.  Jones
v. State, 944 S.W.2d 642, 652 (Tex. Crim.
App. 1996).  

          The first of the balancing factors—the probative weight of
the extraneous offense—favors admissibility because the evidence speaks to
Andrade’s motive for killing Huang.  The
prosecution may offer such testimony to show motive.  Porter
v. State, 623 S.W.2d 374, 385–86 (Tex. Crim. App. 1981).  The testimony of Andrade’s jealousy and its
having manifested itself violently in the past was necessary to understand
Andrade’s behavior.  It explains Maritza’s
testimony that her father repeatedly and angrily asked her who Huang was and
continued to ask even after she had answered that he was their employer.

          As to the second and third factors, although testimony of
Andrade’s jealousy and history of violent behavior carries some emotional
weight, the State did not take a great deal of time developing the
testimony.  Maritza testified that
Andrade sometimes got angry when he was drunk and that she had seen him get
jealous.  Flores’s
testimony of the disputed evidence was also limited—constituting little more
than a page of the twenty-four page record of her direct examination.  Further, only one paragraph of the State’s
closing argument dealt with the disputed testimony.  Given the eyewitness accounts of the killing
from Flores and
Maritza, and the DNA evidence linking him to the crime, the jury is not likely
to have been prejudiced in an irrational way by testimony concerning Andrade’s
history of jealousy and violence.  The
second and third factors therefore also weigh in favor of admissibility.

The
fourth factor requires balancing the State’s need for such extraneous offense
evidence against any prejudice. 
Understanding that Andrade was a jealous man helped to prove his motive
for killing Huang, and the trial court properly limited the testimony to
behavior that might explain his motivations. 
This factor therefore weighs in favor of admissibility. 

          A trial court’s rule 403 ruling admitting extraneous
offense evidence must be upheld so long as it is “within the zone of reasonable
disagreement.”  Montgomery,
810 S.W.2d at 391.  In balancing the four
factors, the prejudice from the extraneous offense testimony does not outweigh
its probative value.  The trial court’s
ruling is within the zone of reasonable disagreement.  We conclude that the trial court did not
abuse its discretion in admitting the extraneous offense evidence.  




Conclusion

          We
hold that the trial court did not abuse its
discretion in allowing extraneous evidence to be introduced.  Accordingly, we affirm the judgment of the
trial court.

 

 

                                                                   Jane Bland

                                                                   Justice

 

Panel consists of Justices Taft, Jennings, and Bland.

Do not publish.  See Tex. R. App. P. 47.4.