# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00732-CR

**Robert L. Hughes, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM COUNTY COURT AT LAW NO. 2 OF COMAL COUNTY
### NO. 2009CR-0615, HONORABLE CHARLES A. STEPHENS II, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury convicted Robert L. Hughes of deadly conduct. *See* Tex. Penal Code Ann. § 22.05 (West 2003). The jury sentenced him to 365 days in jail, suspended during twenty-four months of community supervision, and assessed a $1,000 fine. Hughes argues that the trial court erred by admitting evidence of an extraneous offense. We affirm the judgment of conviction.

Kristyn Gdovin and her boyfriend were traveling south on Highway 281 in Comal County when Hughes's vehicle approached her from behind. Gdovin had been in the right lane until the highway widened into two lanes to allow for passing. Before Hughes approached, Gdovin had moved into the left lane to pass a line of cars on the right. After Gdovin had moved into the left lane, Hughes suddenly approached from behind at a high rate of speed and flashed his lights repeatedly. When she saw Hughes approach from behind, Gdovin decided that, rather than accelerate to the speed necessary to pass the other vehicles on her right quickly, she would

slow down to allow the cars on her right to re-pass her and then move back over into the right lane behind them.

The highway narrowed as Gdovin and Hughes approached a metal two-lane bridge with steel walls. Traffic was traveling in both directions. Gdovin testified that Hughes, who was still behind her, attempted to move in between her car and the traffic traveling in the opposite direction on her left. Gdovin was concerned that she would be pushed into the steel wall. After Gdovin had crossed the bridge, Hughes forced Gdovin completely off the road onto a dirt shoulder.

Gdovin eventually returned to the road and turned off of Highway 281 onto a side road. She testified that Hughes followed, looking for a confrontation. At some point, Gdovin testified, Hughes forced her off the road again, pulled up beside her, and threatened to put a ".44 in [her] face." After making this threat, Hughes left the scene, and Gdovin called 911.

Hughes was pulled over several minutes later by Deputy Richard Spears of the Comal County Sheriff's Department. Spears made a video of their conversation. In the course of the conversation, Hughes told Spears that he had been pulled over earlier that day based on a report that he had brandished a gun at another person in a similar incident, but that officers had searched his vehicle and found nothing. The trial court admitted this evidence, accompanied by a limiting instruction, over Hughes's objection.

Hughes was charged by information with deadly conduct. *See id.* A jury convicted him as charged, sentenced him to 365 days in jail, suspended during twenty-four months of community supervision, and assessed a $1,000 fine. In a single point of error, Hughes argues that the trial court erred by admitting portions of the video as evidence of an extraneous offense.

Hughes complains of the portion of the video showing a conversation between Hughes and Deputy Spears after Spears pulled Hughes over. In the course of the conversation, Hughes told Spears that he had been stopped by the Comal County Sheriff's Office earlier that day. Pursuant to that stop, officers had searched Hughes's car based on a report of a similar incident of road rage, in which Hughes had allegedly brandished a gun at another person on the road. According to Hughes, this portion of the video is inadmissible character evidence. At trial, the State argued that the video is admissible to show a common motive and absence of mistake. The State now argues that the video is admissible to rebut Hughes's defensive theory that it was Gdovin and her boyfriend, not Hughes, who recklessly engaged in the conduct that put them in danger of serious bodily injury. *See* Tex. Penal Code Ann. § 22.05(a).

We review a trial court's decision to admit or exclude evidence for an abuse of discretion. *Shuffield v. State*, 189 S.W.3d 782, 793 (Tex. Crim. App. 2006). Unless the trial court's decision was outside the zone of reasonable disagreement, we uphold the ruling. *Id.*; *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990) (op. on reh'g).

An accused may not be tried for being a criminal generally. *Couret v. State*, 792 S.W.2d 106, 107 (Tex. Crim. App. 1990). Evidence of other crimes, wrongs, or acts is not admissible if it does nothing more than establish the bad character of an accused person in order to show action in conformity therewith. Tex. R. Evid. 404(b). However, this type of evidence may be admissible if it has relevance to a material issue in the case apart from its tendency to prove the character of the defendant. *Page v. State*, 125 S.W.3d 640, 649 (Tex. App.—Houston [1st Dist.] 2003, no pet.). Permissible purposes for which evidence of "other crimes, wrongs or acts" may

3

be admitted include the following: "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Tex. R. Evid. 404(b). Additionally, extraneous evidence may be relevant and admissible to rebut a defensive theory. *Roberts v. State*, 29 S.W.3d 596, 601 (Tex. App.—Houston [1st Dist.] 2000, pet. ref'd).

> "Rebuttal of a defense means evidence is introduced contradicting some aspect of the defense itself . . . ." When a defense witness presents a picture that the defendant is not the type of person to commit the charged offense, the prosecution may impeach the defense witnesses' testimony by introduction of similar extraneous offenses. By raising a defensive theory, the defendant opens the door for the State to offer rebuttal testimony regarding an extraneous offense if the extraneous offense has common characteristics with the offense for which the defendant was on trial.

*Id.* (citations omitted).

A person commits the offense of deadly conduct if he "recklessly engages in conduct that places another in imminent danger of serious bodily injury." *See* Tex. Penal Code Ann. § 22.05(a). At trial, Hughes's defensive theory was that he was not the aggressor in the incident—that it was not his conduct, but Gdovin's and her boyfriend's, that placed them in danger of serious bodily injury.[1] To that end, according to the State, evidence that, earlier that day, officers

---

[1] Hughes's attorney's argument included the following:

The evidence is going to show that the young man that was in the car in front of Mr. Hughes then turned around and made an extremely obscene gesture with Mr. Hughes. Mr. Hughes then went in the right lane, went around this vehicle and this vehicle immediately started pursuing Mr. Hughes. Mr. Hughes sped up to try to get away from this vehicle; the vehicle sped up behind him. Mr. Hughes went into a parking lot; this vehicle followed behind him.

. . . .

4

had received reports of and pulled Hughes over for the same behavior is relevant to show that it was Hughes, not Gdovin or her boyfriend, who acted in a manner that put Gdovin and her boyfriend in danger of serious bodily injury.

In light of the defensive theory raised by Hughes, the trial court's decision to admit the video falls within the zone of reasonable disagreement. When the jury was shown the evidence in question, the trial court instructed the jurors:

> [T]o the extent there is evidence in the video . . . of other crimes, wrongs, or acts of the defendant, it is not being offered to prove the character of the defendant or offered to show his actions in conformity therewith. It is being offered or may be offered by the State and is admissible for other purposes, including proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or action.

The video, which includes a conversation during which Hughes admits to having been pulled over based on a report of a similar road rage incident earlier that day, in which he had been accused of threatening to pull a gun on another driver, is probative on the issue of whether it was his conduct or that of Gdovin and her boyfriend that put them in danger of serious bodily injury. *See Roberts*, 29 S.W.3d at 601. Although the trial court determined that the video was admissible to show proof of motive or absence of mistake, we may affirm here on the grounds that the evidence is admissible to rebut the defensive theory raised by Hughes. *See id.*; *De La Paz v. State*, 279 S.W.3d 336, 344 (Tex. Crim. App. 2009) ("[I]f the trial court's evidentiary ruling is correct on any theory of law

---

> What the evidence is going to show is simply that this is a case of somebody trying to get around somebody else that's making an obscene gesture in front of him and then trying to get away from him once they start chasing him.

5

applicable to that ruling, it will not be disturbed even if the trial judge gave the wrong reason for his right ruling."). The trial court acted within its discretion in admitting the video into evidence. *See Shuffield*, 189 S.W.3d at 793. We overrule Hughes's point of error.

Having overruled Hughes's sole point of error, we affirm the judgment of conviction.

_____

G. Alan Waldrop, Justice

Before Justices Patterson, Waldrop and Henson

Affirmed

Filed: August 31, 2010

Do Not Publish

6