Opinion to: SR TJ EVK ERA GCH LCH JB JS MM TGT
















Opinion issued
December 9, 2010.

                                                                                                                                                                                                                                                                                                                                                                        



 

 

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-09-00250-CR

NO. 01-09-00251-CR

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



Robert eugene long, Appellant

 

V.

 

THE STATE OF TEXAS,
Appellee

 

 



On Appeal from the 228th District Court

Harris County, Texas

Trial Court Cause No. 1176766 & 1176767

 

 



MEMORANDUM opinion

Appellant, Robert Eugene Long, was
charged by indictment with two state jail felony offenses of interference with
child custody.[1]  A jury found appellant guilty of knowingly
taking his two children, both under the age of 18, in violation of a custody
order issued by the 308th District Court of Harris County, Texas.  In each case, the trial court sentenced appellant to two
years of confinement in a state jail facility, then suspended the confinement, and placed
appellant on community supervision for five years, with the periods of community
supervision to run concurrently.  In his
sole point of error, appellant contends that the trial court erred in admitting
irrelevant and unfairly prejudicial evidence.  We affirm. 

Background

Appellant and Michelle Long-Oregon
were married in 1999 and had two children. 
The couple divorced in 2003; the divorce decree named both parents as
joint managing conservators and granted Long-Oregon the exclusive right to
establish the primary residence of the children.  The decree also gave appellant the right to
possession of the children on “the first, third, and fifth Friday of each
month” for the weekend, ordered appellant to return the children to Long-Oregon
at the end of each period of possession, and required appellant to pay periodic
child support to Long-Oregon. 

Appellant moved to Dallas
after the divorce.  At first, appellant
and Long-Oregon agreed to meet halfway between Houston and Dallas so that
appellant could exercise his visitation rights as specified by the decree.  When this arrangement terminated in April
2006, appellant began driving to Houston on weekends to visit the
children.  In August 2006, appellant
began staying at Long-Oregon’s residence during his weekend visits to Houston.

On September 29, 2006,
appellant and Long-Oregon got into an argument, which ended with appellant
taking the children to Dallas.  Contrary
to the requirements set out in the divorce decree, appellant never returned the
children to Long-Oregon when the weekend ended. 
The children stayed with appellant in Dallas from October 1, 2006 until
appellant was charged with the two offenses of interference with child custody
at the end of January 2007.  Both charges
were brought on the basis of appellant’s violation of the 2003 divorce
decree.  Police arrested appellant on
January 29, 2007, and the children were returned to Long-Oregon on the same
day. 

At trial, appellant
raised a mistake of fact defense, testifying that he did not know that he was violating
the divorce decree when he brought the children to Dallas.  According to appellant, he believed that he and
Long-Oregon had reconciled and entered into a common-law marriage in July 2006 because
the two had sexual relations during his visits to Houston, shared expenses, held each other out as married, and
purchased a home during this time.  Appellant
also testified that he believed that his common-law marriage to Long-Oregon had
voided the 2003 divorce decree and that “there was nothing stopping [him] from
taking the children” in September 2006.  According
to appellant, he and Long-Oregon “had not observed any orders for months.”  Long-Oregon, however, testified to the
contrary.  According to Long-Oregon, she
never wanted to remarry appellant and never held him out as her husband after
their divorce was finalized.    

On cross-examination, the
prosecutor asked appellant when he last paid child support.  Although appellant’s counsel objected to the
question as irrelevant and prejudicial, the trial court allowed the evidence to
be introduced because it pertained “to the divorce decree.”  Appellant answered that he made regular child
support payments, as required by the 2003 divorce decree, until April or May 2007.  Appellant also testified that he was not
making the payments of his own volition—the payments were being automatically
deducted from his paycheck.

In both cases, the trial
court instructed the jury on mistake of fact as a defense, directing it to
acquit appellant if it believed, or had a reasonable doubt about whether, at
the time appellant took the children, he acted under a reasonable belief that
he was in a common-law marriage with Long-Oregon, voiding the divorce
decree.  The jury returned a verdict,
finding appellant guilty of two counts of interference with child custody.  This appeal followed.

Discussion

In
his single point of error, appellant contends that the trial court erred in
admitting evidence that appellant continued to pay child support during the
time he supposedly believed that he and Long-Oregon were remarried.  Appellant contests the evidence for two
reasons.  Specifically, appellant objects
that the evidence was irrelevant, and that, even if it was relevant, the probative value of
the evidence was substantially
outweighed by its prejudicial effect.

Standard of Review

When deciding whether a
trial court erred in admitting evidence that was either irrelevant or unfairly prejudicial, we review the trial court’s
decision for abuse of discretion.  Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990); Roberts
v. State, 29 S.W.3d 596, 600 (Tex. App.—Houston [1st Dist.] 2000, pet
ref’d).  The test for abuse of discretion
is whether the trial court’s decision was arbitrary or unreasonable.  State
v. Mechler, 153 S.W.3d 435, 439 (Tex. Crim. App. 2005).  Because the trial court is given broad
discretion in admitting evidence, an appellate court should not reverse a trial
judge whose ruling was within the zone of reasonable disagreement.  Montgomery, 810 S.W.2d at 391.

Relevancy

We first determine whether the evidence was relevant.  To be relevant, evidence must tend to make the
existence of any fact that is of consequence to the determination of the action
more probable or less probable than it would be without the evidence.  See
Tex. R. Evid. 401.  A trial court may not admit irrelevant
evidence.  See King v. State, 17 S.W.3d 7, 20 (Tex. App.—Houston [14th Dist.]
2000, pet. ref’d).  “Evidence need not
by itself prove or disprove a particular fact to be relevant; it is sufficient if the evidence provides a small nudge toward
proving or disproving some fact of consequence.”
 Stewart v. State, 129 S.W.3d 93, 96 (Tex. Crim. App. 2004). 

Appellant contends that
the child support payments are not relevant to whether he reasonably believed that
he and Long-Oregon had remarried.  Even
if appellant is correct in arguing that the payments are irrelevant with regard
to the common-law marriage issue, they are nonetheless relevant with regard to whether
appellant reasonably believed that the 2003 divorce decree was void.  Whether appellant reasonably believed the 2003 divorce decree
was void when he took the children is a fact of consequence because it forms
the central basis for his mistake of fact defense.  Evidence that tends to rebut a defensive
theory is relevant.  See Hudson v. State, 112 S.W.3d 794, 803 (Tex. App.—Houston [14th
Dist.] 2003, pet. ref’d) (concluding that extraneous evidence that served to
rebut defensive theory was relevant); see
also Hajjar v. State, 176 S.W.3d 554, 560 (Tex. App.—Houston [1st Dist.]
2004, pet. ref’d) (concluding that photograph that tended to rebut self-defense
claim was relevant).  Accordingly, evidence
that appellant continued to make payments in accordance with the terms of the
decree is relevant because it makes it more probable that appellant knowingly
violated the 2003 divorce decree and it tends to rebut appellant’s mistake of
fact defense.  As such, we cannot say
that the trial court abused its discretion when it overruled appellant counsel’s
objection on relevancy grounds.

Unfair Prejudice

Having determined that the evidence
of appellant’s continued child support payments was relevant, we must now
determine whether the evidence should nonetheless have been excluded because
its probative value was substantially outweighed by its prejudicial effect, as
appellant contends.  “Although relevant,
evidence may be excluded if its probative value is substantially outweighed by
the danger of unfair prejudice, confusion of the issues, or misleading the
jury, or by considerations of undue delay, or needless presentation of
cumulative evidence.”  Tex. R.
Evid. 403.   Texas Rule of Evidence 403 favors the
admission of relevant evidence, and it presumes that relevant evidence will be
more probative than prejudicial.  See
Goldberg v. State, 95 S.W.3d 345, 366–67
(Tex. App.—Houston [1st Dist.] 2002, pet. ref’d).  In determining whether the probative value of
the evidence is substantially outweighed by the danger of unfair prejudice,
trial courts must balance several factors, including: (1) the probative force
of the evidence; (2) the proponent’s need for the evidence; and (3) the
potential to impress the jury in some irrational yet indelible way.  See
Mechler, 153 S.W.3d at 440 (citing Montgomery,
810 S.W.2d at 389–90).  

Appellant contends that the evidence
of continued child support payments was neither probative nor needed by the
State to rebut his mistake of fact defense. 
Appellant also asserts that this evidence had the potential to
improperly impress the jury by confusing, misleading, and distracting it from
the main issue—whether he believed that he and Long-Oregon had entered a
common-law marriage.

The trial court could have reasonably
found the relevant evidence to be more probative and needed by the State than
unfairly prejudicial to appellant.  The State
introduced the evidence to rebut appellant’s mistake of fact defense to make it
more probable that appellant knowingly violated the 2003 divorce decree.  Evidence that tends to rebut a defensive
theory is strongly probative.  Hajjar, 176 S.W.3d at 561.  In addition, the State needed the evidence because
it had no other way of showing that appellant continued to comply with the
divorce decree, even though he allegedly believed that the decree was void.  See Mechler,
153 S.W.3d at 441 (stating that proponent’s need for particular evidence
depends upon whether proponent has other evidence establishing same fact).

Only “unfair” prejudice provides the
basis for exclusion of relevant evidence.  Montgomery,
810 S.W. at 389.  Unfair prejudice refers
to the relevant evidence’s tendency to tempt the jury into reaching a verdict
on a basis apart from proof of the offense charged, commonly, though not
necessarily, an emotional one.  See id.; see also Mechler, 153 S.W.3d at 440.  Although appellant contends that the relevant
evidence tended to confuse, mislead, and distract the jury from deliberating
whether appellant believed that he and Long-Oregon had entered a common-law
marriage, this belief is not the most pertinent issue raised by appellant’s
mistake of fact defense.  The more
pertinent issue is whether appellant reasonably believed that the divorce
decree was void.  Only if appellant
reasonably believed the divorce decree was void, could his mistake of fact
negate the necessary mental state (knowingly) of the offense of interference
with child custody.  Thus, the relevant evidence
tended to rebut appellant’s defensive theory rather than mislead the jury.

In light of the record in this case,
we cannot conclude that the trial court abused its discretion in admitting the
evidence of appellant’s continued child support payments to Long-Oregon.  We overrule appellant’s sole point of error.

CONCLUSION

We affirm the judgment of the trial
court.

 

 

 

 

                                                          Jim
Sharp

                                                          Justice


 

Panel consists of Justices Jennings,
Alcala, and Sharp.

Do not publish.  Tex.
R. App. P. 47.2(b).











[1]           A
person commits the offense of interference with child custody if the person takes
or retains a child younger than 18 years when the person knows that the taking
or retention violates the express terms of a judgment or order, including a
temporary order, of a court disposing of the child’s custody.  See Tex. Penal Code Ann. § 25.03(a)(1) (Vernon
Supp. 2010).